Garth V. Smith, Esq. (SB # 172119)
BOROFF & SMITH
55 River Street, Suite 100
Santa Cruz, CA  95060
(831) 458-0502
FAX: (831) 426-0159
smith_gvs@sbcglobal.net
Attorney for Plaintiff WANDA FOWLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WANDA FOWLER, | Case No. CV 11-00906 EJD |
| Plaintiff, | STIPULATION TO AMEND COMPLAINT PURSUANT TO FRCP 15(a)(2); PROPOSED ORDER |
| v. | |
| SANTA CRUZ POLICE OFFICER A. MARTIN, CITY OF SANTA CRUZ, and DOES 1 to 20, | |
| Defendants. | |

**I.     INTRODUCTION**

Counsel for Defendant CITY OF SANTA CRUZ has advised plaintiff's counsel that the correct name of the Santa Cruz Police Officer involved in the events complained of in this case is David Albert, and, therefore, plaintiff has erroneously named "SANTA CRUZ POLICE OFFICER A. MARTIN" as a defendant in this case.

///

///

///

///

///

///

-1-
STIPULATION TO AMEND COMPLAINT; PROPOSED ORDER

## II.     STIPULATION

Plaintiff WANDA FOWLER and Defendant CITY OF SANTA CRUZ, hereby agree, pursuant to Fed. R. Civ. Proc. 15(a)(2), that plaintiff's complaint in this matter be amended by removing the name, "SANTA CRUZ POLICE OFFICER A. MARTIN," wherever it appears and replacing it with the name, "SANTA CRUZ POLICE OFFICER DAVID ALBERT," in accordance with Plaintiff's First Amended Complaint attached hereto as Exhibit A.

IT IS SO STIPULATED.

DATED: June 27, 2011                          BOROFF & SMITH


                                               /s/ Garth V. Smith
                                              Garth V. Smith
                                              Attorneys for Plaintiff Wanda Fowler

DATED: June 24, 2011                          ATCHICON, BARISONE, CONDOTTI & KOVACEVICH


                                               /s/ George J. Kovacevich
                                              George J. Kovacevich
                                              Attorneys for Defendant City of Santa Cruz

### ORDER

PURSUANT TO THE STIPULATION of the parties, Fed. R. Civ. P. 15(a)(2), and finding Good Cause therefore, this Court HEREBY ORDERS that:

The complaint of Plaintiff Wanda Fowler filed in this matter be and is hereby amended by removing the name, "SANTA CRUZ POLICE OFFICER A. MARTIN," wherever it appears and replacing it with the name, "SANTA CRUZ POLICE OFFICER DAVID ALBERT," as set forth in Plaintiff's First Amended Complaint attached hereto as Exhibit A, which shall be filed forthwith.

IT IS SO ORDERED. On or before **July 7, 2011,** Plaintiff shall file her Amended Complaint as a separate docket entry.

Dated: July 1, 2011                           The Honorable Edward J. Davila
                                              United States District Judge

# Exhibit A

1  Garth V. Smith, Esq. (SB # 172119)
   BOROFF & SMITH
2  55 River Street, Suite 100
   Santa Cruz, CA  95060
3  (831) 458-0502
   FAX: (831) 426-0159
4  Attorney for Plaintiff Wanda Fowler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| WANDA FOWLER, | ) Case No. CV 11-00906 EJD |
|---|---|
| Plaintiff, | ) COMPLAINT FOR DAMAGES: |
| | ) 1. ASSAULT |
| v. | ) 2. BATTERY |
| | ) 3. INTENTIONAL INFLICTION OF |
| SANTA CRUZ POLICE OFFICER | )    EMOTIONAL DISTRESS |
| DAVID ALBERT, CITY OF SANTA | ) 4. NEGLIGENT INFLICTION OF |
| CRUZ, and DOES 1 to 20, | )    EMOTIONAL DISTRESS |
| | ) 5. NEGLIGENT HIRING, RETENTION AND |
| Defendants. | )    SUPERVISION |
| | ) 6. NEGLIGENCE |
| | ) 7. FALSE IMPRISONMENT |
| | ) 8. CIVIL RIGHTS ACTION [CC §52.1] |
| | ) 9. CIVIL RIGHTS ACTION [42 USC §1983] |

Plaintiff alleges:

**INTRODUCTION**

1. This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under §§1, 2, 7, 13, 15, 17 and 24 of Article 1 of the California Constitution; under California Civil Code §52.1; under the California governmental tort liability statutes; and under California law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, assault, battery and false imprisonment.  While the individual Defendants were acting in the scope of their employment and under color of state law, they made an unlawful stop and arrest of Plaintiff that resulted in unreasonable search and seizure and the excessive use of force against the Plaintiff. The Defendants'

1

actions caused serious injury to Plaintiff.  Action is also brought against the City of Santa Cruz for its failure to properly train and supervise the individual Defendants, its failure to properly investigate incidents of unlawful arrest and excessive use of force and to discipline the officers involved, and its failure to establish and maintain a proper system for reviewing complaints of unlawful arrest and excessive use of force by police officers, with the result that police officers of the City were encouraged to believe that they could violate the rights of persons such as Plaintiff with impunity.

**GENERAL ALLEGATIONS**

2.  Plaintiff WANDA FOWLER  (hereinafter, "Plaintiff WANDA FOWLER" or, simply, "Plaintiff") is an adult person and a resident of Santa Cruz, California.

3.  Defendant CITY OF SANTA CRUZ (hereinafter, "CITY" or, collectively, "Defendants") is a municipal corporation and a political subdivision of the State of California.  At all times mentioned herein, CITY was operating as a local governmental entity and the political subdivision of the State of California responsible for the training and supervision of Defendant SANTA CRUZ POLICE OFFICER DAVID ALBERT.  CITY is responsible for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by CITY regarding arrests and the use of force.

4.   Defendant SANTA CRUZ POLICE OFFICER DAVID ALBERT (hereinafter, "OFFICER ALBERT" or, collectively, "Defendants") is an adult person and a resident of Santa Cruz, California.

5.  At all times mentioned herein, OFFICER ALBERT was a duly appointed and acting officer of the police department of CITY, and was, as such, acting within the course, scope and authority of said employment.

6.  At all times mentioned herein, OFFICER ALBERT was acting under color of law, to-wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or of CITY.

7.   Plaintiff was required by California law (Government Code §§905, 910, et seq.), to serve a government claim upon Defendants within six months of the incident complained of herein and to file the instant action within six months from the date the Defendants' notice of claim

1 rejection was deposited in the mail, which was April 14, 2010, and plaintiff has complied with said
2 statutory requirements.

3       8.    Defendants DOES 1 through 20, inclusive, are sued in this complaint under fictitious
4 names. Their true names and capacities are unknown to Plaintiff. When their true names and
5 capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and
6 capacities herein. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously
7 named defendants is responsible in some manner for the occurrences alleged in this complaint, and
8 that plaintiff's damages as alleged in this complaint were proximately caused by those defendants.

9       9.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned
10 herein, Defendants, and each of them, including DOES 1 through 20, inclusive, and each of them,
11 were the agents, servants, employees and/or joint venturers of their co-defendants, and were, as such,
12 acting within the course, scope and authority of said agency, employment and/or venture, and with
13 the knowledge, consent, permission and/or ratification of each other, and that each and every
14 Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each
15 and every other Defendant as an agent, employee and/or joint venturer.

16       10. At all times mentioned herein, OFFICER ALBERT was a duly employed, appointed and
17 acting officer of the police department of CITY acting under color of law, to-wit: under color of the
18 statutes, ordinances, regulations, policies, customs and usages of the State of California and/or CITY,
19 and was, as such, acting within the course, scope and authority of said employment.

20
21                              **FIRST CAUSE OF ACTION**
                                     (**Assault**)

22       11. Plaintiff hereby incorporates by this reference as though set forth fully herein each and
23 every allegation set forth above.

24       12.   On or about October 5, 2009, at or about noon, officers of the Santa Cruz Police
25 Department, including OFFICER ALBERT, arrested Plaintiff WANDA FOWLER in front of
26 Zachary's Restaurant, 819 Pacific Avenue, Santa Cruz, purportedly for "public intoxication" and
27 transported her and Christopher Curry, whom they arrested at the same time and place, to the main
28 Santa Cruz County Jail at 259 Water Street, Santa Cruz, California. While Plaintiff and Christopher

1  Curry were waiting outside the jail in the intake area, Plaintiff complained that her handcuffs were
2  too tight and hurting her wrists.  OFFICER ALBERT then approached Plaintiff in a menacing
3  manner an in a way that made clear his intention to make offensive, non-consented physical contact
4  with Plaintiff.

5  13.   In doing the acts as alleged above, OFFICER ALBERT intended to place Plaintiff in
6  apprehension of great bodily harm.

7  14. As a result of the acts of OFFICER ALBERT Plaintiff, in fact, was placed in great
8  apprehension of great bodily harm.

9  Wherefore, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
**(Battery)**

12  15.  Plaintiff hereby incorporates by this reference as though set forth fully herein each and
13  every allegation set forth above.

14  16.   Immediately thereafter, OFFICER ALBERT struck and battered Plaintiff with his
15  baton.

16  17.  In doing the acts as alleged above, OFFICER ALBERT intended to make offensive and
17  harmful contact with Plaintiff's person.

18  Wherefore, Plaintiff requests relief as hereinafter provided.

### FIRST AND SECOND CAUSES OF ACTION (Continued)

20  18.  At no time did Plaintiff consent to any of the acts of Defendants alleged in the first and
21  second causes of action, above.

22  19.   As a legal result of the conduct of OFFICER ALBERT, Plaintiff was hurt and injured
23  in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous
24  system and person, all of which said injuries have caused and continue to cause Plaintiff great
25  mental, physical and nervous pain and suffering in an amount to be proven at the time of trial but
26  which exceeds the minimum jurisdiction of this court.

27  20.  As a further legal result of the said acts and omissions of OFFICER ALBERT, Plaintiff
28  was required to and did employ physicians and surgeons to examine, treat and care for her and did

4

1 incur medical, hospital and incidental expenses, and Plaintiff's damages in these respects are
2 presently unascertained, as said services are still continuing and will continue into the future, and
3 Plaintiff prays leave to insert and prove their elements of damage in these respects when the same
4 are finally determined.

5   21.  As further legal results of the said acts and omissions of OFFICER ALBERT Plaintiff
6 was prevented from attending to her usual occupations and sustained losses of earnings and future
7 earning capacity, thereby to her special damage in a presently unascertained sum, as said loss is not
8 yet finally determined, and Plaintiff prays leave to insert and prove her element of damage in this
9 respect when the same is finally determined.

10   22.  The aforementioned conduct of OFFICER ALBERT was despicable, willful and
11 malicious and was intended to oppress and cause injury to Plaintiff.  Plaintiff is informed and
12 believes and thereupon alleges that defendants CITY and DOES 1 TO 20 confirmed and ratified the
13 acts complained of herein.  Plaintiff is therefore entitled to recover punitive damages from all
14 Defendants in an amount according to proof.

15   Wherefore, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

18   23.  Plaintiff hereby incorporates by this reference as though set forth fully herein each and
19 every allegation set forth above.

20   24.  OFFICER ALBERT's conduct in assaulting and battering Plaintiff was intentional,
21 outrageous and malicious and was done with the purpose and intent of causing Plaintiff to suffer
22 humiliation, mental anguish, and emotional and physical distress.  Defendant CITY's conduct in
23 confirming and ratifying OFFICER ALBERT's conduct was done with knowledge that Plaintiff's
24 emotional and physical distress would thereby increase, and was done with a wanton and reckless
25 disregard of the consequences to Plaintiff.

26   25.  As the direct and proximate results of Defendants' outrageous conduct, Plaintiff has
27 suffered and will continue to suffer severe emotional and physical distress, mental anguish,
28 humiliation, and loss of earnings and earning capacity for which Plaintiff is entitled to general and

1  compensatory damages in an amount to be proven at the time of trial but which exceeds the
2  minimum jurisdiction of this court.
3      26.  Defendants' acts alleged herein were committed maliciously, despicably, fraudulently
4  and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive
5  amounting to malice, and in conscious disregard of Plaintiff' rights, and Plaintiff is informed and
6  believes and thereupon alleges that CITY and DOES 1 TO 20 confirmed, approved and ratified
7  OFFICER ALBERT's, its employee's, conduct.  Plaintiff is therefore entitled to recover punitive
8  damages from all Defendants in an amount according to proof.
9      Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress**

12      27.  Plaintiff hereby incorporates by this reference as though set forth fully herein each and
13  every allegation set forth above.
14      28.  Defendants, and each of them, knew or should have known that their actions and failure
15  to exercise due care would cause Plaintiff severe emotional distress.
16      29.  As a direct and proximate result of the aforementioned acts and omissions to act,
17  Plaintiff has suffered humiliation, mental anguish and emotional distress and has been injured in
18  mind and body, all to Plaintiff's damages in an amount to be proven at trial but which exceeds the
19  minimum jurisdiction of this court.
20      Wherefore, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**(Negligent Hiring, Retention and Supervision)**

23      30.  Plaintiff hereby incorporates by this reference as though set forth fully herein each and
24  every allegation set forth above.
25      31.  During all relevant time periods, Defendants, and each of them, knew or reasonably
26  should have known that their co-defendant employees and agents were unfit and unqualified to carry
27  out their duties and obligations to the public and their duties as employees and agents.
28      32.  During all relevant time periods, Defendants, and each of them, knew or reasonably

1  should have known that Defendants, and each of them, their managers, and/or employees and agents,
2  individually, and together in varying combinations, were engaged in the incidents, conduct, actions,
3  and failures to act described herein, and that such incidents, conduct, actions, and failures to act
4  violated Plaintiff's rights under constitutional, statutory and common law.

5  33.  At all relevant times, Defendants, and each of them, knew or reasonably should have
6  known that unless Defendants, and each of them, intervened to exercise reasonable care in the hiring,
7  training, supervision and discipline of the other Defendants, the acts and failures to act alleged herein
8  would occur, thereby subjecting Plaintiff to the injuries alleged herein.

9  34.  At all relevant times, Defendants, and each of them, knew or reasonably should have
10 known that unless Defendants, and each of them, intervened to exercise reasonable care in the hiring,
11 training, supervision and discipline of the other Defendants, the failure to exercise reasonable care
12 in the hiring, training, supervision and discipline of the other Defendants would have the effect of
13 encouraging, confirming, ratifying, condoning, exacerbating, increasing and worsening said acts and
14 failures to act.

15 35.  At all relevant times, Defendants, and each of them, had the power, ability, authority,
16 and duty to exercise reasonable care in the hiring, training, supervision and discipline of the other
17 Defendants.

18 36.  Despite said knowledge, power and duty, Defendants, and each of them, breached their
19 duty of care by negligently and recklessly hiring, training, supervising, disciplining and retaining said
20 other Defendants.

21 37.  At all relevant times, Defendants, and each of them, knew or reasonably should have
22 known that the incidents, conduct, actions, and failures to act described herein would and did
23 proximately result in injury and damage to Plaintiff.

24 38.  As a direct and proximate result of the aforementioned acts and failures to act, Plaintiff
25 has suffered the heretofore alleged damages in an amount to be proven at trial but which exceeds the
26 minimum jurisdiction of this court.

27 39.  Defendants' despicable and outrageous conduct as described herein was malicious and
28 oppressive and done with conscious disregard of Plaintiff's rights.  Thus, Plaintiff is entitled to

7

1 punitive damages against Defendants and each of them, in an amount to be proven at trial.

2 Wherefore, Plaintiff requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**(Negligence)**

40. Plaintiff hereby incorporates by this reference as though set forth fully herein each and every allegation set forth above.

41. Defendants owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

42. In committing the aforementioned acts and/or omissions, Defendants negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

Wherefore, Plaintiff requests relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**(False Imprisonment)**

43. Plaintiff hereby incorporates by this reference as though set forth fully herein each and every allegation set forth above.

44. Defendants breached a duty of care owed to Plaintiff, so as not to deprive her of her personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without a warrant from a court.

45. Defendants, without probable cause, wrongfully and unlawfully detained and restrained Plaintiff against her will through use of force.

46. At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but, rather, she fully cooperated with the orders of the Defendants.

47. Defendants are liable to Plaintiff for false imprisonment.

48. As a direct and proximate result of her false imprisonment by Defendants, Plaintiff suffered serious personal injuries and emotional distress.

Wherefore, Plaintiff requests relief as hereinafter provided.

///

///

**EIGHTH CAUSE OF ACTION**
**(Violation of Civil Rights; California Civil Code §52.1)**

49. Plaintiff hereby incorporates by this reference as though set forth fully herein each and every allegation set forth above.

50. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from false arrest; d) the right to be free from excessive and unreasonable use of force by persons acting under color of state law; e) the right to verbally complain about the conditions of detention without fear of resulting retaliation and punishment; and f) the right to be free from summary and unusual punishment.

51. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal stop, search, and seizure of Plaintiff. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive and unreasonable force by Defendants, in violation of Plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Sections 1, 2, 7, 13, 15, 17 and 24 of Article 1 of the California Constitution.

52. The failure of CITY to adequately train and its police officers amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force and unreasonable seizures.

53. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under California Civil Code Section 52.1.

Wherefore, Plaintiff requests relief as hereinafter provided.

**NINTH CAUSE OF ACTION**
**(Violation of Civil Rights; Title 42 U.S.C. §1983)**

54. Plaintiff hereby incorporates by this reference as though set forth fully herein each and every allegation set forth above.

9

FIRST AMENDED COMPLAINT

1  55.  As a direct and proximate result of the violation of her constitutional rights by the Defendants as aforesaid, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. Section 1983.

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For a money judgment for medical and incidental expenses, according to proof;

2. For a money judgment for loss of earnings, according to proof;

3. For a money judgment for general damages, according to proof;

4. For a money judgment for mental pain and anguish and emotional distress, according to proof;

5. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

6. For prejudgment interest as allowed by law;

7. For costs of suit herein incurred, including reasonable attorney and expert fees; and

8. For such other and further relief as the Court may deem just and proper.

DATED: June ___, 2011                BOROFF & SMITH

_____
GARTH V. SMITH
Attorney for Plaintiff